## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Western District North Carolina |
|---|---|---|
| Name (under which you were convicted): Joshua Peter Thomas Shields | | Docket or Case No.: 5:07-CR-00004-V |
| Place of Confinement: FCI Allenwood Low | | Prisoner No.: 21115-058 |
| UNITED STATES OF AMERICA | | Movant (include name under which you were convicted) Joshua Peter Thomas Shields |
| v. | | |

### MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    United States District Court for the Western District of North Carolina
    Statesville Division
    Statesville, North Carolina

    (b) Criminal docket or case number (if you know): 5:07-CR-4-V

2.  (a) Date of the judgment of conviction (if you know): 10/21/2009

    (b) Date of sentencing: 10/6/2009

3.  Length of sentence: 96 months

4.  Nature of crime (all counts):

    Possession of child pornography, 18 USC 2252(a)(4)(B)

5.  (a) What was your plea? (Check one)

    (1)  Not guilty ❑          (2)  Guilty ☑          (3)  Nolo contendere (no contest) ❑

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
    or indictment, what did you plead guilty to and what did you plead not guilty to?

6.  If you went to trial, what kind of trial did you have? (Check one)          Jury ❑          Judge only ❑

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☑

8. Did you appeal from the judgment of conviction?    Yes ☑    No ☐

9. If you did appeal, answer the following:

    (a) Name of court:   United States Court of Appeals for the Fourth Circuit

    (b) Docket or case number (if you know):  09-5014

    (c) Result:   Voluntarily dismissed

    (d) Date of result (if you know):  3/23/2010

    (e) Citation to the case (if you know):

    (f) Grounds raised:

    The appeal was voluntarily dismmissed due to the explicit appeal waiver provision in the plea agreement that would have resulted in an eventual dismissal of the appeal if it had been pursued to resolution.

    (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☑

        If "Yes," answer the following:

        (1) Docket or case number (if you know):

        (2) Result:

        (3) Date of result (if you know):

        (4) Citation to the case (if you know):

        (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☑    No ☐

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:   United States District Court

        (2) Docket or case number (if you know):  5:09CV113-02-V (5:07CR4-V)

        (3) Date of filing (if you know):  10/12/2009

(4) Nature of the proceeding:   Motion to vacate under 28 U.S.C. 2255

(5) Grounds raised:

Need to reinstate judgment based on ineffective assistance of counsel for failing to advise defendant about and pursue an appeal.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ☐  No ☑

(7) Result:   Motion granted and judgment reinstated.

(8) Date of result (if you know):  10/20/2009

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ☐  No ☐

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:    Yes ☐  No ☑

(2)  Second petition:    Yes ☐  No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

The relief sought in the previous motion was granted.

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE:

Ineffecitve assistance of counsel at sentencing based on draconian nature of sentencing guidelines

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defense counsel at sentencing did not litigate the draconian nature of the sentence exposure and the advisory guideline range for the possession of child pornography as opposed to the creation, production, or distribution of child pornography. The Fourth Circuit has noted the Sentencing Commission has viewed the trend in below-guideline variances in sentences for possession of child pornography as a judicial comment "on the perceived severity of the child pornography guidelines." United States v. Morace, 594 F.3d 340, 346 (4th Cir.), cert. denied, 2010 WL 2897936 (October 4, 2010) (quoting U.S.S.C., The History of the Child Pornography Guidelines 8 (October 2009)). Indeed, the Fourth Circuit noted this trend within its courts. Id. These developments warrant a fuller exploration of the facts and circumstances in any sentencing involving a defendant convicted of possessing child pornography. Although Morace vacated a probationary sentence of possessing child pornography, it did so only because the district court failed to provide any explanation of its consideration of the pertinent policy statements, of the congressional intent, or the reason why no incarceration was warranted. 594 F.3d at 350-51. Defense counsel should have presented this argument to this Court in an effort to support a reduced sentence. The failure to do so constituted ineffective assistance of counsel.

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

The appeal was vountarily dismissed due to an appeal waiver provision.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

> The initial motion to vacate was solely done to afford an opportunity to appeal. The appeal was dismissed after counsel discovered an appeal waiver that would have resulted in any appeal being dismissed under current Fourth Circuit precedent.

**GROUND TWO:**

Ineffective assistance at sentencing for not litigating disparate treatment of similar defendants

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defense counsel at sentencing did not litigate the disparate treatment of similarly situated defendants in other cases involving possession of child pornography. Various circuits have explored the range of sentences available for possessing child pornography. Several have affirmed downward departures to probation. See, e.g., United States v. Autery, 555 F.3d 864 (9th Cir. 2009); United States v. Duhon, 541 F.3d 391 (5th Cir. 2008). These decisions counsel in favor of revisiting the sentence imposed on Mr. Shields, who was eighteen when he was indicted (and was a minor when he possessed the materials in question), who underwent extraordinary counseling and rehabilitation before sentencing, who had no history of inappropriate contact or conduct with minors, and who showed no signs he would not be a worthy candidate for a much shorter sentence (perhaps twelve months and one day), even if not a probationary sentence. In United States v. Donaghy, 2010 WL 2905375 (E.D. Wisc. June 24, 2010), the district court imposed a sentence of 12 months and one day on a 36-year old man who possessed substantial amounts of child pornography and had a prior conviction for masturbating in front of two women. Defense counsel should have presented this disparity argument to this Court in an effort to support a reduced sentence. The failure to do so constituted ineffective assistance of counsel.

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:

     The appeal was voluntarily dismissed due to an appeal waiver provision.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐   No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐   No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐   No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐   No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

The initial motion to vacate was solely done to afford an opportunity to appeal. The appeal was dismissed after counsel discovered an appeal waiver that would have resulted in any appeal being dismissed under current Fourth Circuit precedent.

**GROUND THREE:**

Ineffective assistance for not challenging the due process implications of the guidelines in this case.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏   No ❏

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏   No ❏

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❏    No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❏    No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❏    No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

The initial motion to vacate was solely done to afford an opportunity to appeal. The appeal was dismissed after counsel discovered an appeal waiver that would have resulted in any appeal being dismissed under current Fourth Circuit precedent.

**GROUND FOUR:**

The judgment is constitutionally violative of due process.

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Mr. Shields was sentenced to 96 months in prison for an offense that occurred when he was a minor. He has undergone substantial psychological treatment and counseling.  He will not re-offend.  He has no prior criminal history.  He has no indications of ever physically or psycologically assaulting any person, especially a child.  His age, background, character, and psychological make-up set him apart from other people who have been convicted of possessing child pornography.  His sentence is disproportionate to his crime given the penalties imposed on other similarly situated defendants in terms of both the offense conduct itself and his individual circumstances.  A hallmark of due process in sentencing is that similarly situated defendants should be treated similarly and each individual should be sentenced based on his particular background, character, history, and conditions.  In this situation, the sentence imposed is unconstitutional.

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:

    The appeal was voluntarily dismissed due to an appeal waiver provision.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

I have not had a previous opportunity to raise this issue.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ❑   No ☑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:
  Jack W. Stewart, Post Office Box 1920, Asheville, NC 28802
(b) At arraignment and plea:
  Sane as above
(c) At trial:

(d) At sentencing:
  Jack W. Stewart, Post Office Box 1920, Asheville, NC 28802
  Ian N. Friedman/Kristina Marie Walter, 700 West St. Clair Ave., Ste. 110, Cleveland, Ohio 44113

(e) On appeal:

M. Gordon Widenhouse, Jr.  312 West Franklin Street, Chapel YHill, NC 27516

(f) In any post-conviction proceeding:

M. Gordon Widenhouse, Jr.  312 West Franklin Street, Chapel YHill, NC 27516

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ❑ No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ❑ No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:


(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?      Yes ❑   No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

        (1) the date on which the judgment of conviction became final;

        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

A new setencing hearing

or any other relief to which movant may be entitled.

/s/ M. Gordon Widenhouse, Jr.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____10/31/2010_____ (date).

/s/ M. Gordon Widenhouse, Jr.

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

I am the attorney for Joshua Peter Thomas Shields and am signing this document because he is incarcerated in Pennsylvania and unavailable to sign it. I state that I have reviewed the necessary documents in this matter and the allegations in this motion are true and accurate to the best of my knowledge.

## ADDENDUM TO MOTION TO VACATE

Joshua Peter Thomas Shields received an unconstitutional sentence. The 96-month sentence imposed on him is greater than necessary to achieve the goals of punishment and is disproportionate to the crime, based on the nature and circumstances of the offense and the individual characteristics of the defendant. Due process forbids this result.

The law regarding child pornography, particularly the penalties imposed in various cases, is inconsistent. It is also in a state of flux. Many jurists have opined that the area is rife with unfairness. The gravamen of the claims raised in this motion to vacate relate to this fundamental inequity and the injustice of the sentence imposed on Mr. Shields.

The Fourth Circuit has noted the Sentencing Commission has viewed the trend in below-guideline variances in sentences for possession of child pornography as a judicial "on the perceived severity of the child pornography guidelines." *United States v. Morace*, 594 F.3d 340, 346 (4th Cir.), *cert. denied*, 2010 WL 2897936 (October 4, 2010) (quoting U.S.S.C., *The History of the Child Pornography Guidelines* 8 (October 2009)). Indeed, the Fourth Circuit noted this trend within its courts. *Id.* These developments warrant a fuller exploration of the facts and circumstances in any sentencing involving a defendant convicted of possessing child pornography. Although *Morace* vacated a probationary sentence of possessing child pornography, it did so only because the district ciourt failed to provide any explanation of its consideration of the pertinent policy statements, of the congressional intent, or the reason why no incarceration was warranted. 594 F.3d at 350-51.

1

Various circuits have explored the range of sentences available for possessing child pornography. Several have affirmed downward departures to probation. *See, e.g., United States v. Autery*, 555 F.3d 864 (9th Cir. 2009); *United States v. Duhon*, 541 F.3d 391 (5th Cir. 2008). These decisions counsel in favor of revisiting the sentence imposed on Mr. Shields, who was eighteen when he was indicted (and was a minor when he possessed the materials in question), who underwent extraordinary counseling and rehabilitation before sentencing, who had no history of inappropriate contact or conduct with minors, and who showed no signs he would not be a worthy candidate for a much shorter sentence (perhaps twelve months and one day), even if not a probationary sentence.

Section 2G2.2 has been described as "an eccentric Guideline of highly unusual provenance which, unless carefully applied, can easily generate unreasonable results." *United States v. Dorvee*, 604 F.3d 84, 98 (2d Cir. 2010). Consequently, many district courts have declined to impose sentence within its ranges. *United States v. Diaz*, __ F.3d ___ 2010 WL 2640630 * 3 (E.D. Wis. June 30, 2010) (citing *United States v. Tews*, No. 09-CR-309, 2010 WL 1608951, 15 *3 (E.D. Wis. Apr. 20, 2010); *United States v. Manke*, No. 09-CR-172, 2010 WL 307937 (E.D. Wis. Jan. 19, 2010); *United States v. Raby*, No. 2:05-CR-00003, 2009 WL 5173964 (S.D. W. Va. Dec. 30, 2009); *United States v. Burns*, No. 07 CR 556, 2009 WL 3617448 (N.D. Ill. Oct. 27, 2009); *United States v. McElheney*, 630 F. Supp. 2d 886 (E.D. Tenn. 2009); *United States v. Phinney*, 599 F. Supp.2d 1037 (E.D. Wis. 2009); *United States v. Grober*, 595 F. Supp. 2d 382 (D.N.J. 2008), *aff'd*, ___ F.3d ___, 2010 WL

2

4188237 (3rd Cir. 2010); *United States v. Stern*, 590 F. Supp.2d 945 (N.D. Ohio 2008);

*United States v. Doktor*, No. 6:08-cr-46, 2008 WL 5334121 (M.D. Fla. Dec. 19, 2008);

*United States v. Johnson*, 588 F. Supp. 2d 997 (S.D. Iowa 2008); *United States v. Noxon*,

No. 07-40152, 2008 WL 4758583 (D. Kan. Oct. 28, 2008); *United States v. Ontiveros*,

No. 07-CR-333, 2008 WL 2937539 (E.D. Wis. July 24, 2008); *United States v. Hanson*, 561

F. Supp. 2d 1004 (E.D. Wis. 2008); *United States v. Shipley*, 560 F. Supp.2d 739 (S.D. Iowa

2008); *United States v. Baird*, 580 F. Supp.2d 889 (D. Deb. 2008)); *but see United States v.*

*Cunningham*, 680 F. Supp.2d 844 (N.D. Ohio 2010) (defending the guideline; *United States*

*v. Fiorella*, 602 F. Supp.2d 1057 (N.D. Iowa 2009) (declining to vary from the guideline

range), *aff'd*, 598 F.3d 444 (8th Cir. 2010), *cert. denied*, 2010 WL 1922722 (U.S. June 14,

2010).

This "guideline is largely the product of congressional directives, some of which the

Sentencing Commission actively opposed, rather than Commission study and expertise."

*Diaz*, __ F.3d ____ 2010 WL 2640630 at * 3; *see Manke*, 2010 WL 307937 at * 5-6; *Phinney*,

599 F. Supp.2d at 1041-43. A sentencing judge need not defer to such a guideline. *See*

*Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007). There are a number of salient

challenges to this guideline that were not advanced at sentencing.

First, this guideline requires significant enhancements for conduct present in virtually

all cases, a factor was not fully explored by defense counsel at sentencing, . *See Dorvee*, 604

F.3d at 95-96; *Diaz*, 2010 WL 2640630 at * 3. Indeed, Mr. Shields received a two-level

3

enhancement for possession of material involving children under age twelve, an enhancement applicable in 94.8% of sentences under Section 2G2.2 in 2009; a four-level enhancement for possession of material involving sadistic or violent conduct, applicable in 73.4% of sentences in 2009; a two-level enhancement for use of a computer, applicable in 97.2% of sentences in 2009; and for number of images, applicable in 96.6% of sentences in 2009, with 63.1% of offenders receiving the five-level increase that was imposed on Mr. Shields. *See Dorvee*, 604 F.3d at 96; *Diaz*, 2010 WL 2640630 at * 3; United States Sentencing Commission, <u>Use of Guidelines and Specific Offense Characteristics for Fiscal Year 2009</u> 36-37. These enhancements produce a sentence approaching the statutory maximum, even for an offender like Mr. Shields who has no prior record, based solely on characteristics that are all but inherent to the crime of conviction. This approach is fundamentally inconsistent with Section 3553(a).

Second, "[a]s the Sentencing Commission noted, the use of a computer enhancement fails to distinguish serious commercial distributors of online pornography from more run-of-the-mill users. *Diaz*, 2010 WL 2640630 at * 4; *see Dorvee*, 604 F.3d at 95-96. This aspect should have been fully developed at Mr. Shields' sentencing. His use of the computer was not only part and parcel of the offense itself–possessing child pornography–but this enhancement lumped him in with commercial distributers of online pornography, the criminals who must be stopped in order to effectively curb the abuse of children through the manufacture and distribution of child pornography.

4

Third, as the Commission again observed, "the enhancement is logically flawed because online pornography generally comes from the same pool of images found in print format." *Id.*; *see Hanson*, 561 F. Supp.2d at 1009-10. Applying the enhancement to a passive possessor of the materials is arguably in appropriate. This position should have been advanced at sentencing.

Fourth, many courts have recognized that the enhancement for the number of images is questionable. As *Diaz* explained, "as a result of internet swapping, offenders readily obtain the necessary number of images with minimal effort." *Id.*; *see Hanson*, 561 F. Supp.2d at 1010. Certainly, where, as here, the number of images a defendant possessed greatly e=increases his exposure, any relationship between the number of images possessed and the harm caused would likely overstate the damage. Indeed, because of the vast international market for child pornography, the relative impact of several hundred additional images is small and should not result in a dramatic upward movement in the advisory guideline range. *Diaz*, __ F.3d __ 2010 WL 2640630 at * 4; *see Raby*, 2009 WL 5173964, at *7; *see also Hanson*, 561 F. Supp. 2d at 1012 (indicating that number and type of images is a relevant factor, but declining to give it great weight).

Child pornography is a serious problem; real children are harmed in its production. But while those who traffic in or consume child pornography must be punished,

> a spectrum of criminal culpability is involved in this crime. Those who produce and distribute these images are at one end of the spectrum. They deserve the harshest punishment. At the other end of the spectrum are men ... who view these disgusting images. Rather than physically harming a child,

5

their criminal act is complete by entering a market with a few clicks of a mouse .... While these men bear responsibility for the horrors created by child pornography, any system of justice must attempt to emotionally remove itself from natural instincts of revenge and retribution.

These pathetic men are easy targets. There is nothing redeeming or even understandable about this crime. But judges must objectively consider whether the sentences imposed further the goals of punishment. To do so, we must differentiate between those who create child pornography and those who consume it.

*United States v. Cruikshank*, 667 F. Supp. 2d 697, 701-02 (S.D. W. Va. 2009) (internal citations omitted). Offenders who systematically abuse children should be harshly punished, but most child pornography defendants do not engage in such conduct: this enhancement applied in just 9.2% of cases in FY 2009, United States Sentencing Commission, Use of Guidelines and Specific Offense Characteristics for Fiscal Year 2009 37. Of course, it did not apply to Mr. Shields.

In summary, significantly enhancing a sentence based on characteristics that are inherent to the crime of conviction is fundamentally inconsistent with section 3553(a). *Dorvee*, 604 F.3d at 96. Mr. Shields was constitutionally entitled to the effective assistance of counsel at sentencing. *See, e.g. United States v Horey*, 333 F.3d 1185, 1187-88 (10th Cir. 2003) (ineffective assistance in failing to object to enhancement); *United States v. Johnson*, 313 F.3d 815, 818-19 (2nd Cir. 2002) (ineffective assistance in failing to object to offense level). This argument should have been advanced at Mr. Shields' sentencing hearing. The failure to do so constituted ineffective assistance of counsel.

Mr. Shields respectfully requests that this Court vacate the judgment imposed and

6

award him a new sentencing hearing. This result is necessary and appropriate to insure fairness in the application of the guidelines to the offense of conviction and to afford similar treatment to similarly situated defendants based on the offense conduct and the particular characteristics of individual defendants.

8