IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:10CV168-V
(5:07CR4-V)

| | |
|---|---|
| JOSHUA PETER THOMAS SHIELDS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## GOVERNMENT'S ANSWER TO PETITIONER'S MOTION
## TO VACATE, SET ASIDE, OR CORRECT SENTENCE

NOW COMES THE UNITED STATES OF AMERICA, by and through Anne M. Tompkins, United States Attorney for the Western District of North Carolina, and answers the allegations of Petitioner as stated in his Motion to Vacate, Set Aside, or Correct Sentence pursuant to Title 28, United States Code, Section 2255, filed November 1, 2010, and shows unto the Court the following:

### PROCEDURAL AND FACTUAL BACKGROUND

Petitioner Joshua Peter Thomas Shields was charged by Information on February 13, 2007, and charged with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Information, Case Number 5:07cr4, Docket Entry 1. That same day, Petitioner entered into a guilty plea with the Government, pursuant to which he agreed to plead guilty and both parties stipulated that Petitioner was subject to a two-level enhancement in his offense level under Sentencing Guidelines § 2G2.2(b)(6), based on Petitioner's use of a computer for the

transmission of child pornography.  Docket Entry 2, ¶¶ 1, 6(a).  Also as part of the agreement and "in exchange for the concessions made by the United States in [the] plea agreement," Petitioner waived his right to "appeal or collaterally attack the sentence of conviction," except on the bases of ineffective assistance of counsel or prosecutorial misconduct.  *Id.* ¶ 16.

Eight days after the Information was filed and Petitioner and the Government entered into a plea agreement, Magistrate Judge Carl Horn, III, conducted a plea colloquy and hearing pursuant to Federal Rule of Criminal Procedure 11.  During the colloquy, Petitioner affirmed that he understood the charge to which he was pleading guilty; that he was, in fact, guilty of the offense; and that he understood the maximum penalties he faced.  Plea Colloquy Transcript at 4-5, 7.  Petitioner also affirmed that he understood that "with some very narrow exceptions . . . , [he was] waiving [his] right to appeal [his] conviction or sentence or to contest [his] conviction or sentence in any other postconviction proceeding."  *Id.* at 10.  Petitioner also affirmed that he had "had enough time to discuss with [his] attorney any possible defenses [he] may have to [the] charges" and was "satisfied with the services of [his] attorney[]."  *Id.* at 10-11.

In preparation for Petitioner's sentencing hearing, the Probation Office prepared a Presentence Report ("PSR"), filing a final report on February 22, 2008.  In the Offense Conduct section of the report, the Probation Officer summarized the evidence against Petitioner and the facts of his offense.  PSR at 3-6.  In particular, the Probation Officer reported that in June of 2005, agents executed a search warrant at Petitioner's home based on evidence that child pornography was being shared from at least one computer at that address.  *Id.* at 3-5.  A forensic study of three computers at the residence revealed numerous images and videos depicting child pornography, including a video depicting a five- to six-year-old child with her hands duct-taped

2

to her ankles being vaginally penetrated by an adult male, males dripping hot wax on her vaginal area, and anal penetration with a foreign object. *Id.* at 6. Other images and videos depicted, for example, young girls being vaginally penetrated by adult males, a four- to six-year-old female engaging in oral copulation of an adult male who ejaculates on her face, and an adult male penetrating a three- to four-year-old girl, crying, "Da Da." *Id.* During an interview with a North Carolina State Bureau of Investigation agent, Petitioner admitted that he had viewed and traded images of child pornography. *Id.* at 5. In preparation for sentencing, Defendant submitted a written statement, expressing that understood the harm he had caused, that he had undergone and was continuing extensive treatment, and that he was attending college. *Id.* at 7-8.

Based on a total offense level of 33, which included not only the two-level enhancement to which the parties agreed but also four other offense-level enhancements, and a criminal history category of I, the probation officer calculated an advisory Sentencing Guidelines range of imprisonment of between 135 and 168 months. PSR at 15. However, because Petitioner's offense was subject to a mandatory maximum term of imprisonment of 120 months, his applicable Guidelines term of imprisonment was 120 months. *Id.* at 9; *see also* U.S.S.G. § 5G1.1(a).

In response to the PSR, Petitioner objected to each of the offense-level enhancements recommended by the probation officer to which the parties did not expressly stipulate in their plea agreement. *See* PSR at 20-22. These enhancements included a two-level enhancement based on the material's involving minors who had not attained the age of 12, a five-level enhancement because Petitioner had participated in a peer-to-peer network to exchange images of child pornography, a four-level enhancement because the material portrayed sadistic or

3

masochistic conduct or other depictions of violence, and a five-level enhancement because the offense involved 600 or more images. *Id.* at 9-10.

Petitioner also filed a request for a downward variance sentence on the basis of the extensive treatment Petitioner had voluntarily undergone, his cooperation with law enforcement agents throughout the proceedings against him, his strong support system, and his perseverance in attending college and holding part-time employment, evidencing his commitment to living a productive and law-abiding life notwithstanding the charges against him. 9/29/08 Memorandum, Docket Entry 25, at 1-3. In his memorandum requesting a downward variance, Petitioner argued that the sentencing factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, Petitioner's history and characteristics, and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, to avoid unwarranted sentencing disparities, and to protect the public weighed in favor of a probationary sentence, arguing that such a sentence was sufficient to adequately protect the public and to enable Petitioner to continue his treatment. *Id.* at 7-13, 23-28. Petitioner also cited a Fifth Circuit Court of Appeals decision upholding a sentence of probation under circumstances that, Petitioner argued, were similar to his and numerous other decisions either imposing or affirming the imposition of below-Guidelines sentences for defendants convicted of child pornography offenses. *Id.* at 13-19 (citing, for example, *United States v. Polito*, 215 Fed. App'x 354 (5th Cir. 2007). *Id.* at 13-14. Next, Petitioner challenged the child pornography guidelines as unworthy of adherence under *Kimbrough v. United States*, 552 U.S. 85 (2007), citing case law and commentary challenging those guidelines as lacking any empirical foundation. *Id.* at 19-22.

4

This Court conducted a lengthy sentencing hearing on October 6, 2008, during the Government presented testimony to support the Guidelines calculation set forth in the PSR and Petitioner presented numerous witnesses, including a physician and faculty member at the University of North Carolina at Chapel Hill who specializes in the area of child sexual exploitation, to support his argument in favor of a below-Guidelines sentence. Following the Government's evidence, the Court overruled Petitioner's objections to the offense-level enhancements to which he had objected, finding that the Government had presented evidence supporting each of those enhancements. Sentencing Transcript at 39-40. Petitioner then presented his witnesses, including Dr. Sharon Cooper who testified extensively to her experience, which includes her membership on the board of the National Center for Missing and Exploited Children, and her experience and familiarity with Petitioner's case. *Id.* at 95-109. Dr. Cooper ultimately recommended a sentence of probation for Petitioner. *Id.* at 111-13. After hearing all of the evidence and from Petitioner, this Court imposed a downward variance sentence of 96 months, reducing Petitioner's sentence by 20 percent to recognize his "circumstances and history, the age at the time of the offense and the rehabilitation he [had] undertaken." *Id.* at 140; *see also* Judgment, Docket Entry 39, at 2. Although Petitioner initially appealed this Court's judgment, Petitioner ultimately withdrew that appeal.

**ARGUMENT**

I. PETITIONER HAS WAIVED HIS RIGHT TO CHALLENGE THE CONSTITUTIONALITY OF HIS SENTENCE AND THAT CLAIM IS, IN ANY EVENT, PROCEDURALLY BARRED.

The Fourth Circuit has made clear that a waiver of a defendant's right to challenge his conviction or his sentence during post-conviction proceedings is enforceable as long as the defendant waives this right knowingly and voluntarily. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary.") Petitioner does not challenge either the knowing or voluntary nature of his guilty plea, nor could he in light of his repeated sworn statements that he understood the charge to which he was pleading guilty and the consequences of his guilty plea. Petitioner also affirmed that he understood that he was waiving his right to challenge his sentence in a post-conviction proceeding, such as this one. Accordingly, he has waived his right to argue, as he does in his third issue, that his sentence is a violation of his Constitutional right to due process because it is greater than necessary to achieve the sentencing objectives defined by Congress.

Even if not waived, Petitioner's challenge to his sentence is procedurally barred. As a general rule, a claim of error that was not raised on direct appeal is procedurally defaulted and is not cognizable on collateral review, because "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal quotations and citations omitted); *see also United States v. Pettiford*, 612 F.3d 270, 279 n.7 (4th Cir. 2010) (recognizing that claim challenging predicate offenses for purposes of defendant's classification as an armed career criminal was procedurally defaulted based on

6

defendant's failure to challenge those predicates in the district court or on appeal, unless defendant can establish exception to procedural bar). Where a petitioner has procedurally defaulted a claim by failing to raise it on direct appeal, the claim is cognizable in *habeas* "only if the [petitioner] can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is 'actually innocent.'" *Bousley*, 523 U.S. 622 (citations omitted). Here, Petitioner did not appeal his sentence, and he has not argued cause and prejudice or actual innocence. Accordingly, his challenge to his sentence is barred.

I.  THE UNITED STATES IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO EACH OF PETITIONER'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL.

   A.  <u>Ineffective Assistance of Counsel Standard</u>

The Sixth Amendment to the United States Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. *See* U.S. CONST., art. VI. To merit relief on a claim of ineffective assistance of counsel pursuant to § 2255, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *see also United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . *Strickland* if the 'result of the proceeding was fundamentally unfair or unreliable.'" *Sexton v. French*, 163 F.3d 874, 882 (4th Cir. 1998) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." *Bowie v. Branker*, 512 F.3d

7

112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." *United States v. Rhynes*, 196 F.3d 207, 232 (4th Cir. 1999), *opinion vacated on other grounds*, 218 F.3d 310 (4th Cir. 2000). Where a petitioner's ineffective assistance of counsel claim relates to his sentence, he must show a reasonable probability that but for counsel's deficient performance, he would have received a lower sentence. *See Royal v. Taylor*, 188 F.3d 239, 249 (4th Cir. 1999).

      B.      <u>Petitioner has not alleged facts sufficient to support a finding either of deficient performance or of prejudice</u>.

In arguing that his sentence should be vacated based on the ineffective assistance of his trial counsel, Petitioner asserts that trial counsel provided deficient representation by failing "to litigate the draconian nature of the sentence exposure and the advissory [sic] guideline range for the possession of child pornography as opposed to the creation, production, or distribution of child pornography" and that, based on the Fourth Circuit's recognition in a 2010 decision of a trend in downward variance sentences in *United States v. Morace*, 594 F.3d 340 (4th Cir. 2010), counsel's failure to make this argument constituted ineffective assistance of counsel. Pet. Mot. at 5. Similarly, in his second claim, Petitioner argues that counsel improperly failed to "litigate the disparate treatment of similarly situated defendants in other cases involving possession fo child pornography," citing decisions imposing or affirming the imposition of probationary sentences for such defendants. *Id.* at 6.

Petitioner's claims of ineffective assistance of counsel fail, first, because trial counsel in this case did, in fact, challenge the legitimacy of the Sentencing Guidelines applicable to child pornography offenses, arguing that they were not based on any empirical data and urging this

8

Court to ignore those guidelines, consistent with *Kimbrough*. While counsel may not have made a distinction between possession offenses, on the one hand, and distribution or production offenses, on the other, his attack on the Guidelines *in toto* sufficed to present the argument to this Court that the Court should impose a probationary sentence because the Guidelines provided for sentences that were too harsh and were not the result of a considered process worthy of deference.

Similarly, Petitioner's argument that counsel improperly failed to argue in favor of a downward variance sentence based on unwarranted sentencing disparity among similarly situated defendants fails, first, because counsel made that precise argument, citing cases in which defendants that counsel argued were similarly situated to Petitioner had received probationary sentences. While counsel may not have cited each of the cases Petitioner now cites in support of that argument, at least two of those cases were decided after Petitioner's sentencing hearing and could not, therefore, have been argued by trial counsel in this case.

Second, and equally importantly, Petitioner's claim fails because he cannot show that, had counsel presented the arguments he claims were not presented, there is a reasonable probability that he would have received a sentence below 96 months. Trial counsel in this case mounted a vigorous attack against the child pornography guidelines and in favor of a probationary sentence. Counsel presented witnesses attesting to Petitioner's good character and lack of dangerousness and an expert in child sexual exploitation who testified that she recommended a probationary sentence for Petitioner, notwithstanding the extreme nature of some of the images and videos he had possessed. This Court described the argument made by trial counsel in favor of a downward variance as "exhaustive," Sentencing Transcript at 140, and there

9

simply is no evidence to support the notion that counsel could have challenged the child pornography guidelines or made the unwarranted-disparity argument slightly differently and succeeded in convincing this Court that a sentence of less than 96 months (already a 20% downward variance sentence) was sufficient to achieve the objectives set forth in 18 U.S.C. § 3553(a). Having failed to show either deficient representation or prejudice, Petitioner's claims of ineffective assistance of counsel fail.

## CONCLUSION

Petitioner has failed to produce any evidence showing either deficient performance or prejudice by his trial counsel. Accordingly, the Government requests that this Court dispense with an evidentiary hearing and summarily dismiss this action in its entirety.

RESPECTFULLY SUBMITTED, this 31st day of March, 2011.

> ANNE M. TOMPKINS
> UNITED STATES ATTORNEY
> s/Amy E. Ray
> Amy E. Ray Bar Number: 22762
> Assistant United States Attorney
> Room 233, U.S. Courthouse
> 100 Otis Street
> Asheville, North Carolina 28801
> Telephone: (828) 271-4661
> Fax: (828) 271-4670
> E-mail: Amy.Ray@usdoj.gov

## CERTIFICATE OF SERVICE

   I certify that a copy of the foregoing ***Government's Answer to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence*** will be served upon the Petitioner by serving his attorney of record, M. Gordon Widenhouse, Jr., through electronic case filing at mgwidenhouse@rwf-law.com.

   This, the 31st day of March, 2011.

               ANNE M. TOMPKINS
               UNITED STATES ATTORNEY

               s/Amy E. Ray
               Amy E. Ray Bar Number: 22762
               Assistant United States Attorney
               Room 233, U.S. Courthouse
               100 Otis Street
               Asheville, North Carolina 28801
               Telephone: (828) 271-4661
               Fax:    (828) 271-4670
               E-mail:  Amy.Ray@usdoj.gov